Lu v. Garland

BIA
Hom, IJ
A087 859 905

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
>> *Circuit Judges.*

_____

WENXIN LU,
> *Petitioner,*

> v.

> 19-2484
> NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zhen Liang Li, Esq., New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Surell Brady, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenxin Lu, a native and citizen of the People's Republic of China, seeks review of a July 15, 2019, decision of the BIA affirming a January 26, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenxin Lu*, No. A087 859 905 (B.I.A. July 15, 2019), *aff'g* No. A087 859 905 (Immig. Ct. N.Y. City Jan. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the timeliness and adverse credibility determinations that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

2

The agency did not err in finding that Lu failed to adequately corroborate his claim that police detained and beat him in China on account of his religious practice. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 28. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).

As the agency found, Lu failed to corroborate his claim of mistreatment with evidence from the doctor he visited after his release from detention, and he did not corroborate his testimony or his mother's assertion that she borrowed money

3

from relatives to secure his release. Therefore, the only evidence to corroborate Lu's claim of past persecution were letters from his mother and two fellow churchgoers, which the agency reasonably declined to credit because they were unsworn. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency's decision to afford little weight to an unsworn letter submitted from a relative). Accordingly, the agency did not err in finding that Lu failed to corroborate his past persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); *see also Wei Sun*, 883 F.3d at 28.

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, the applicant must show either "a reasonable possibility he . . . would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142. Where an applicant's claim is based on activities in the United States, the applicant "must make some showing that

4

authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

Given Lu's failure to establish that Chinese officials targeted him on account of his past religious practice, the agency reasonably concluded that Lu failed to demonstrate that Chinese officials are aware of his religious practice. *See id*. The agency also did not err in finding that he failed to establish a reasonable possibility that they would discover his practice of Christianity given his testimony regarding his limited role in the church and the country conditions evidence that there are tens of millions of Christians in China.

The agency also did not err in determining that Lu failed to establish a pattern or practice of persecution of similarly situated individuals because, despite evidence that Chinese officials restrict religious activities and harass and persecute practitioners in some areas of China, in other areas, Christians practice their religion without government interference. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background

materials and rejected pattern or practice claim because evidence showed only localized violence); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Accordingly, the agency did not err in concluding that Lu failed to establish past persecution or a well-founded fear of persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii), 1231(b)(3)(C); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Those findings were dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6